CHIEF JUSTICE GRAY
specially concurring.
¶36 I join the Court’s opinion and the results it reaches. I write separately to state the obvious, which is that the District Court totally ignored its duty with regard to determinations on the motion to suppress.
¶37 As the Court properly states at ¶ 16, the District Court issued a written order denying the various motions and “indicated that a fuller rationale would follow[.]” The District Court did not file findings of fact and conclusions of law.
¶38 M. R. Civ. P. 52(a) requires that “[i]n all actions tried upon the facts without a jury..., the court shall find the facts specially and state separately its conclusions of law thereon[.]” The District Court failed to satisfy this requirement. Consequently, this Court cannot apply its clearly erroneous standard of review of trial court findings, as set forth in the Court’s Opinion at ¶ 17.
¶39 I recognize fully that some district courts in Montana are overloaded with filings and have insufficient staff to assist them. However, this reality does not, and cannot be allowed to, excuse trial courts from their obligations in the first instance, and foist their jobs off onto this Court-which also is overloaded with filings and insufficiently staffed.
¶40 We should not allow district courts to avoid meeting their obligations by doing their work for them, and I will not join in any future opinion which does so. Rather than delay this already “whiskered” case-in which the notice of appeal was filed on August 5, 2005-any longer, I choose in this final instance to join the Court in addressing the suppression issue on its merits rather than remanding with instructions to the District Court to make, enter and file findings of facts and conclusions of law.
¶41 For these reasons, while concurring in the Court’s opinion, I specially concur with regard to what is not stated therein.